UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHINE M. WELLS,<br>　　　　Plaintiff,<br>　　v.<br>NASF VAN LINES, INC., et al.,<br>　　　　Defendants. | Case No. 15-cv-02226-KAW<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br>Re: Dkt. No. 53 |

Jeffrey Nadel moves to withdraw as Defendant NASF Van Lines, Inc.'s counsel. (Mot. to Withdraw, Dkt. No. 53.) Defendant did not file an opposition to Attorney Nadel's motion to withdraw. The Court held a hearing on the motion on November 2, 2017; Attorney Nadel's representative appeared at the hearing, but Defendant did not. (Dkt. No. 57.)

Having reviewed the filings, the Court GRANTS Attorney Nadel's motion to withdraw as counsel.

## I. BACKGROUND

Plaintiff Stephine M. Wells filed the instant case on May 18, 2015 against Defendants NASF Van Lines, Inc., Moving Agent Corp., and England Vanlines, asserting claims based on Defendant NASF Van Lines, Inc.'s allegedly improper actions when moving Plaintiff's belongings from California to North Carolina. (Compl. ¶¶ 1, 19, Dkt. No. 1.) On September 13, 2016, Attorney Nadel appeared in the instant case, filing an answer on behalf of Defendant NASF Van Lines, Inc. (Answer, Dkt. No. 30.)

On September 11, 2017, Attorney Nadel moved to withdraw as attorney. In his declaration, Attorney Nadel explained that on June 23, 2017, he received discovery requests from Plaintiff and thereafter called and e-mailed his client to discuss responses to the discovery

requests. (Nadel Decl. ¶ 4, Dkt. No. 53.) Attorney Nadel provided copies of the discovery to his client, and informed them of the need for completion and the consequences for failing to completely respond to discovery. (Nadel Decl. ¶ 5.) Attorney Nadel states, however, that he has received no response from his client since July 17, 2017. (Nadel Decl. ¶ 6.) As a result of Defendant NASF Van Line, Inc.'s failure to communicate, Attorney Nadel asserts that he has been unable to prepare for trial or complete discovery responses. (Nadel Decl. ¶¶ 7, 10.) In addition to his declaration, Attorney Nadel also submitted a proof of service, stating that he had arranged for service of the motion to withdraw as counsel to Defendant NASF Van Lines, Inc. by mail. (Dkt. No. 53 at 8.) As of the date of this order, no opposition has been filed by the parties.

## II. LEGAL STANDARD

Under Civil Local Rule 11-5(a),"[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The rule further provides that:

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to withdrawal by attorney). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw. Counsel may withdraw from representation in any matter in which the client "breaches an agreement or obligation to the member as to expenses or fees," has made it "unreasonably difficult for the member to carry out the employment effectively," or "knowingly and freely assents to termination of the employment." Cal. Rules of Prof'l Conduct 3-700(C)(1)(d), (f) & (C)(5). The court has discretion to grant or deny a motion to withdraw, and it can exercise that discretion, and decide to deny such a motion,

2

"where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, Case No. 03-cv-5495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (internal citation and quotations omitted).

### III. DISCUSSION

Attorney Nadel moves to withdraw on the ground that his client has failed to communicate with him, which has resulted in a breakdown in the attorney-client relationship. (Mot. to Withdraw at 2.) Attorney Nadel also states that this breakdown has prevented him from conducting discovery, including responding to Plaintiff's requests for production. (*Id.* at 3.)

The Court finds that good cause exists to grant Attorney Nadel's motion to withdraw. Attorney Nadel has attested that Defendant NASF Van Lines, Inc. has failed to communicate with its attorney, preventing Attorney Nadel from fulfilling his legal obligations as to discovery. (Nadel Decl. ¶¶ 7, 10.) This is a valid ground for withdrawal. *See Hill Design Grp. v. Wang*, Case No. 04-cv-521-JF, 2006 WL 3591206, at *4 (N.D. Cal. Dec. 11, 2006) (granting motion to withdraw where there was a breakdown in attorney-client communications). Further, although Defendant NASF Van Lines, Inc. was served with Attorney Nadel's motion to withdraw, neither it nor Plaintiff has objected to the motion. There has also been no showing that withdrawal would work an injustice or cause undue delay of existing deadlines. Accordingly, the Court GRANTS the motion to withdraw.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Attorney Nadel's motion to withdraw. Because Defendant NASF Van Lines, Inc. has not consented to the withdrawal and no substitution of counsel has been filed, all papers from the Court and from Plaintiff shall continue to be served on Attorney Nadel for forwarding purposes until a substitution of counsel is filed. *See* Civil L.R. 11-5(b).

Because Defendant NASF Van Lines, Inc. is a corporation, it is not able to appear in federal court except by counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). Therefore, Defendant NASF Van Lines, Inc. has 45 days from the date of this order to find substitute counsel. If Defendant does not file a substitution of counsel within 45 days, then its

answer will be deemed stricken and Plaintiff may move to have default entered against it. *See Millner v. Bock Evans Fin. Counsel, Ltd.*, Case No. 15-cv-1763-TEH, 2016 WL 409799, at *2 (N.D. Cal. Feb. 3, 2016.)

As Defendant NASF Van Lines, Inc. is not represented, the Court CONTINUES the November 7, 2017 case management conference to **January 23, 2018** at **1:30 p.m.** The parties' case management conference statement is due on **January 16, 2018**.

Attorney Nadel is instructed to serve this order on Defendant NASF Van Lines, Inc., and to file a proof of service of such service.

IT IS SO ORDERED.

Dated: November 3, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge