UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHINE M. WELLS,<br>Plaintiff,<br>v.<br>NASF VAN LINES, INC., et al.,<br>Defendants. | Case No. 15-cv-02226-KAW<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**<br>Re: Dkt. No. 61 |

On January 9, 2018, Plaintiff Stephine M. Wells filed the instant motion for default judgment against Defendant NASF Van Lines, Inc. The Court DENIES Plaintiff's motion.

As an initial matter, Plaintiff has yet to obtain entry of default from the Clerk of the Court. Entry of default is required before a motion for summary judgment may be filed. *See* Fed. R. Civ. P. 55(a).

Moreover, Plaintiff's motion is based on Defendant NASF Van Lines, Inc.'s failure to file a substitution of attorney. In the Court's November 3, 2017 order granting Attorney Jeffrey Nadel's motion to withdraw as Defendant NASF Van Lines, Inc.'s counsel, the Court gave Defendant NASF Van Lines, Inc. 45 days to find substitute counsel, and warned that "[i]f Defendant does not file a substitution of counsel within 45 days, then its answer will be deemed stricken and Plaintiff may move to have default entered against it." (Dkt. No. 58 at 3-4.) The Court also ordered Attorney Nadel to serve the withdrawal order on Defendant NASF Van Lines, Inc. and to file a proof of service of such service. It is not clear to the Court, however, that Attorney Nadel has served the November 3, 2017 order on Defendant NASF Van Lines, Inc., or that Defendant NASF Van Lines, Inc. is aware of the 45-day deadline, as Attorney Nadel did not file a proof of service and has failed to respond to the Court's January 5, 2018 order to show cause.

(*See* Dkt. No. 60.)

Once a proof of service is filed, Defendant NASF Van Lines, Inc. shall have 45 days from the date of service to obtain counsel and file a substitution of counsel. Should Defendant NASF Van Lines, Inc. fail to do so, the Court will strike Defendant NASF Van Lines, Inc.'s answer and Plaintiff may then move to have the Clerk of the Court enter default against it.

For these reasons, the Court DENIES Plaintiff's motion for default judgment. Attorney Nadel is directed to serve this order on Defendant NASF Van Lines, Inc., and to file a proof of service of such service.[1] Failure to do so may result in the Court issuing an order to show cause as to why Attorney Nadel should not be sanctioned for failing to comply with the Court's orders.

IT IS SO ORDERED.

Dated: January 22, 2018

                                             *Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Civil Local Rule 11-5(b) further states: "When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." The Court imposed this condition in its November 3, 2017 order permitting Attorney Nadel to withdraw, and thus Attorney Nadel is obligated to forward all filings in this case to Defendant NASF Van Lines, Inc. (*See* Dkt. No. 58 at 3.)