UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHINE M. WELLS,<br>   Plaintiff,<br>  v.<br>NASF VAN LINES, INC., et al.,<br>   Defendants. | Case No. 15-cv-02226-KAW<br><br>**ORDER DISCHARGING ORDERS TO SHOW CAUSE; REQUIRING SERVICE OF COURT ORDERS**<br><br>Re: Dkt. No. 65 |

On November 3, 2017, the Court granted Attorney Jeffrey Nadel's motion to withdraw as Defendant NASF Van Lines, Inc.'s counsel. (Dkt. No. 58 at 1.) In the order, the Court explained that "[b]ecause Defendant NASF Van Lines, Inc. is a corporation, it is not able to appear in federal court except by counsel." (*Id.* at 3.) The Court gave Defendant NASF Van Lines, Inc. 45 days to find substitute counsel, and ordered Attorney Nadel to serve the withdrawal order on Defendant NASF Van Lines, Inc. and to file a proof of service. (*Id.* at 4.)

Attorney Nadel did not filed the required proof of service. On January 5, 2018, the Court issued an order to show cause, requiring Attorney Nadel to show cause, by January 12, 2018, why he had not filed the proof of service as required by the Court's November 3, 2017 withdrawal order. (Dkt. No. 60.) After Attorney Nadel failed to file a response to the order to show cause, the Court issued a second order to show cause on January 22, 2018, ordering Attorney Nadel to show cause by: (1) serving the November 3, 2017 withdrawal order on Defendant NASF Van Lines, Inc. and filing a proof of service; (2) explaining why he did not file the proof of service as required by the November 3, 2017 withdrawal order; (3) explaining why he did not respond to the January 5, 2018 order to show cause; and (4) explaining why he should not be sanctioned for failing to comply with the Court's orders. (Dkt. No. 63.)

1   Also on January 22, 2018, the Court issued an order denying Plaintiff's motion for default
2   judgment. (Dkt. No. 64.) The denial was based, in part, on Attorney Nadel's apparent failure to
3   serve the November 3, 2017 withdrawal order on Defendant NASF Van Lines, Inc. (*Id.* at 1.) The
4   Court ordered Attorney Nadel to serve the order denying Plaintiff's motion for default judgment
5   on Defendant NASF Van Lines, Inc., and to file a proof of service of such service, warning that
6   failure to do so could result in the Court issuing an order to show cause as to why Attorney Nadel
7   should not be sanctioned for failing to comply with Court orders. (*Id.* at 2.)

On February 1, 2018, Attorney Nadel filed a declaration, stating that he had not served the November 3, 2017 withdrawal order on Defendant NASF Van Lines, Inc. (Nadel Decl. ¶ 2, Dkt. No. 65.) Attorney Nadel stated that he believed he was relieved of all further duties in the action, and that he was otherwise "uncertain" why he had not served the November 3, 2017 withdrawal order. (Nadel Decl. ¶¶ 3-4.) Attached to Nadel's declaration, was the November 3, 2017 withdrawal order and the Court's second order to show cause, and a proof of service of the declaration on Defendant NASF Van Lines, Inc. The declaration did not, however, explain why Attorney Nadel failed to respond to the January 5, 2018 order to show cause.

Although Attorney Nadel failed to fully comply with the order to show cause, Attorney Nadel has now served the November 3, 2017 withdrawal order on Defendant NASF Van Lines, Inc. Accordingly, the Court DISCHARGES the January 5, 2018 and January 22, 2018 orders to show cause. Attorney Nadel, however, is again reminded of his obligation to forward all filings in this case to Defendant NASF Van Lines, Inc., as required by the Court's November 3, 2017 withdrawal order.[1] (*See* Dkt. No. 58 at 3.) The Court has also ordered Attorney Nadel to serve the January 22, 2018 order denying Plaintiff's motion for default judgment, and to file a proof of service. (Dkt. No. 64 at 2.) Per the Court's review of the record and Attorney Nadel's declaration,

---

[1] Civil Local Rule 11-5(b) further states: "When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." The Court imposed this condition in its November 3, 2017 order permitting Attorney Nadel to withdraw, and thus Attorney Nadel is obligated to forward all filings in this case to Defendant NASF Van Lines, Inc. (*See* Dkt. No. 58 at 3.)

2

Attorney Nadel has failed to effectuate that service.

Accordingly, the Court ORDERS Attorney Nadel to serve the January 22, 2018 order denying Plaintiff's motion for default judgment on Defendant NASF Van Lines, Inc., and to file a proof of service, within **ten days** of the date of this order.  Failure to do so **will** result in the Court issuing an order to show cause why Attorney Nadel should not be sanctioned for repeatedly failing to comply with Court orders.

IT IS SO ORDERED.

Dated: February 26, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge