UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHINE M. WELLS,<br>        Plaintiff,<br>    v.<br>NASF VAN LINES, INC., et al.,<br>        Defendants. | Case No. 15-cv-02226-KAW<br><br>**ORDER STRIKING ANSWER** |

On November 3, 2017, the Court granted Attorney Jeffrey Nadel's motion to withdraw as Defendant NASF Van Lines, Inc.'s counsel. (Dkt. No. 58 at 1.) In the order, the Court explained that "[b]ecause Defendant NASF Van Lines, Inc. is a corporation, it is not able to appear in federal court except by counsel." (*Id.* at 3 (internal quotation omitted).) The Court gave Defendant NASF Van Lines, Inc. 45 days to find substitute counsel, and warned that "[i]f Defendant does not file a substitution of counsel within 45 days, then its answer will be deemed stricken and Plaintiff may move to have default entered against it." (*Id.* at 3-4.)

Following the November 3, 2017 withdrawal order, an issue arose as to whether Attorney Nadel had served Defendant NASF Van Lines, Inc. with the withdrawal order. (*See* Dkt. Nos. 60, 63.) Absent service, it was unclear that Defendant NASF Van Lines, Inc. was on notice of the 45-day deadline to find substitute counsel. To ensure that Defendant NASF Van Lines, Inc. had been served, the Court issued an order to show cause on January 5, 2018, requiring Attorney Nadel to file a proof of service of the withdrawal order. (Dkt. No. 60.)

On January 9, 2018, Plaintiff filed a motion for default judgment against Defendant NASF Van Lines, Inc. (Dkt. No. 61.) Due to the service issues, however, the Court had not yet stricken Defendant NASF Van Lines, Inc.'s answer. Plaintiff had also not moved for entry of default. On

1  January 22, 2018, the Court denied Plaintiff's motion for default judgment, explaining that
2  Plaintiff needed to first obtain entry of default. (Dkt. No. 64 at 1.) Additionally, the Court
3  explained that because Attorney Nadel had apparently failed to serve the November 3, 2017
4  withdrawal order, it was not clear Defendant NASF Van Lines, Inc. was aware of the 45-day
5  deadline; thus, the Court ordered that Defendant NASF Van Lines, Inc. would have 45 days from
6  the date of service to obtain counsel and file a substitution of counsel. (*Id.* at 2.) The Court again
7  warned that if Defendant NASF Van Lines, Inc. "fail[ed] to do so, the Court will strike Defendant
8  NASF Van Lines, Inc.'s answer and Plaintiff may then move to have the Clerk of the Court enter
9  default against it." (*Id.*)

That same day, the Court issued a second order to show cause, as Attorney Nadel had failed to respond to the January 5, 2018 order to show cause. (Dkt. No. 63.) The Court again ordered Attorney Nadel to serve the November 3, 2017 withdrawal order and to file a proof of service. (*Id.* at 2.)

On February 1, 2018, Attorney Nadel filed a proof of service of the November 3, 2017 withdrawal order. (Dkt. No. 65.) On February 26, 2018, Attorney Nadel filed a proof of service of the Court's January 22, 2018 order denying Plaintiff's motion for default judgment. (Dkt. No. 67.)

Per the Court's January 22, 2018 order, Defendant NASF Van Lines, Inc. had 45 days from being served with the November 3, 2017 withdrawal order to obtain counsel and file a substitution of counsel. (Dkt. No. 64 at 2.) Thus, the substitution of counsel was due by March 19, 2018. As of the date of this order, however, no substitution of counsel has been filed. Thus, Defendant NASF Van Lines, Inc. remains unrepresented by counsel; because defendant NASF Van Lines, Inc. is a corporation, it is not able to appear in federal court except by counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). Accordingly, the Court STRIKES Defendant NASF Van Lines, Inc.'s answer; Plaintiff may now move to have default entered against Defendant NASF Van Lines, Inc. for failure to answer. Once default has been entered, Plaintiff may then move for default judgment.

Attorney Nadel is instructed to serve this order on Defendant NASF Van Lines, Inc. and to

file a proof of service on the case docket within **ten days** of the date of this order. Failure to do so **will** result in the Court issuing an order to show cause why Attorney Nadel should not be sanctioned for repeatedly failing to comply with Court orders.[1]

IT IS SO ORDERED.

Dated: April 18, 2018

                                       _____
                                       KANDIS A. WESTMORE
                                       United States Magistrate Judge

---

[1] Civil Local Rule 11-5(b) further states: "When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." The Court imposed this condition in its November 3, 2017 order permitting Attorney Nadel to withdraw, and thus Attorney Nadel is still obligated to forward all filings in this case to Defendant NASF Van Lines, Inc. (*See* Dkt. No. 58 at 3.)

3